■ ETF INTERNATIONAL ASSOCIATES, INC., Appellant, v AMERICAN STOCK EXCHANGE LLC, Respondent. [928 NYS2d 296]—

We agree with the motion court that the parties' consulting agreement, specifically schedule C to the second amendment to the agreement, precludes plaintiff's claim for entitlement to compensation arising out of exchange-traded funds (ETFs) sponsored by nonparty ProFunds Advisors LLC, an investment advisory firm, listed and traded on the American Stock Exchange (AMEX) that were not included in schedule C. That schedule contains a complete and specific listing of the ProFunds-sponsored ETFs for which plaintiff was entitled to compensation, in the event they (or their successors) were listed and traded on AMEX. The motion court correctly rejected, as a matter of law, plaintiff's argument that the phrase "including successor funds" must be construed to mean any ProFunds-sponsored ETFs not included in schedule C that might be developed in the future by ProFunds. Such an interpretation would make the listing of funds on schedule C unnecessary. The agreement could have said "all ETFs sponsored by ProFunds," but instead it limited compensation for such funds to those listed on schedule C, along with their successors. In our view, the term "successor funds" is not ambiguous, and we do not require extrinsic evidence of the parties' understanding of its meaning; it has a plain meaning under the law. As with successor corporations and other successors in interest, the word successor applies to one who takes over the obligations or rights of another (see Black's Law Dictionary 1446 [7th ed 1999]; http://www.BusinessDictionary.com/definition/successor.html [defining "successor"]). Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ. **[Prior Case History: 2010 NY Slip Op 30120(U).]**